******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ZUVIC, CARR & ASSOCIATES, INC. *v.* MORANDE
BROTHERS, INC.
(AC 36441)

Beach, Alvord and Pellegrino, Js.

*Argued December 2, 2014—officially released May 19, 2015*

(Appeal from Superior Court, judicial district of New
Britain, Cobb, J.)

*Peter A. Ventre*, for the appellant (plaintiff).

*John C. Matulis, Jr.*, for the appellee (defendant
Robert J. Morande).

*Opinion*

BEACH, J. The primary issue in this matter concerns the duty of a director of a corporation to provide for the payment of the corporation's debts upon its dissolution. The plaintiff, Zuvic, Carr & Associates, Inc., appeals from the judgment of the trial court rendered in favor of the defendant Robert J. Morande.[1] The court found in favor of the plaintiff on its breach of contract claim as to Morande Brothers, Inc., but rejected the plaintiff's claim that the defendant individually breached his duty as a director of that corporation under General Statutes § 33-887b (a). The plaintiff claims that the court erred in determining that § 33-887b (a) did not apply in the circumstances of this case. We agree and, accordingly, reverse in part the judgment of the trial court.

The trial court found the following facts. "On January 10, 2011, the plaintiff and . . . Morande Brothers, Inc., executed a settlement agreement, resolving a civil action entitled *Zuvic Associates* v. *Morande Bros., Inc.*, Docket No. HHB-CV-10-5015129-S (original action). Pursuant to the recitals in the settlement agreement, the original action involved claims arising out of two invoices for services provided by the plaintiff to . . . Morande Brothers, Inc., totaling approximately $19,000. The invoices pertained to environmental remediation, and other services, provided by the plaintiff to the corporat[ion] regarding property in Manchester owned by [Morande Brothers, Inc.], which it intended to sell.

"Pursuant to the settlement agreement . . . Morande Brothers, Inc., agreed to pay the plaintiff $17,000, and the plaintiff agreed to withdraw the original action with prejudice and without costs to either party. Pursuant to section C of the settlement agreement, the parties provided standard mutual releases. However, under section C6 of the settlement agreement, the parties agreed that: 'Notwithstanding the releases agreed to and set forth in paragraphs 4 and 5 above, this agreement does not release, and is not intended to release, either party from any obligations that might arise out of a Department of Environmental Protection (DEP) audit of the [Licensed Environmental Professional] verification prepared by [the plaintiff] as to the Site. In the event that a future DEP audit does require or request additional environmental remediation at the Site, this agreement does not release [the plaintiff] from any obligations that it may have with regard to complying with such requirements and requests, nor does it release Morande [Brothers, Inc.] from any obligations that it may have for all costs arising out of [the plaintiff's] actions to comply with such requirements or requests, including [the plaintiff's] fees for time and material used in preparing responses to the DEP. . . . The settlement agreement was signed by Robert J. Carr, on behalf of [the plaintiff], and by . . . William R. Morande on behalf of Morande Brothers, Inc. Both parties

were represented by counsel in the original action and with respect to the preparation and execution of the settlement agreement.

"Several months after the settlement agreement was executed on or about June 17, 2011, the plaintiff received a notice of audit from the [DEP]. That notice stated that the DEP commissioner was conducting a technical audit of the plaintiff's verification, that the property had been investigated in accordance with the prevailing standards and guidelines, and that it had been properly remediated. The letter notified the plaintiff of an upcoming meeting, and stated that the plaintiff should be 'prepared to present his conceptual site model and any additional information which may support verification.' The June 17, 2011 letter attached a document which listed issues of concern.

"Upon receiving the letter, the plaintiff contacted [Morande Brothers, Inc.], which had already received a copy of the letter. The plaintiff prepared a point by point response to DEP's identified concerns and participated in several meetings with DEP officials, [Morande Brother's Inc.'s] representative and/or attorney and the new owner of the property. The plaintiff provided these services and attended these meetings because [it] believed [it] was obligated to do so under section C6 of the settlement agreement.

"On August 8, 2011, the plaintiff sent [Morande Brothers, Inc.] an invoice for [its] services in connection with the DEP audit in the amount of $3254.85. The plaintiff then received a letter from [Morande Brothers Inc.'s] attorney indicating that [it] refused to pay the invoice. The plaintiff then sent another letter asking [Morande Brothers, Inc.] to reconsider and attach[ed] a copy of the settlement agreement . . . indicating its position that the work done in response to the DEP audit was done pursuant to the settlement agreement. A second meeting was held with DEP at the end of 2011, concerning the audit. The plaintiff again participated in the meeting as did the attorney for [Morande Brothers, Inc.] The plaintiff sent [Morande Brothers, Inc.] an additional invoice for $661.50 for [its] services, which [Morande Brothers, Inc.] again refused to pay. . . . When [it] did not pay the invoices, the plaintiff brought an action in small claims court on December 20, 2011, against Morande Brothers, Inc. On December 28, 2011, [Morande Brothers, Inc.] moved to transfer the matter to the regular docket of the Superior Court, claiming that it had a good defense to the claim. . . . The matter was then docketed in the Superior Court. . . .

"In May, 2011, the board of [Morande Brothers, Inc.] [had] voted to dissolve the corporation. On or about January 3, 2012, Morande Brothers, Inc., filed documents of corporate dissolution with the Secretary of the State, stating that the dissolution was authorized on December 15, 2011. Evidence was presented at trial

that [the defendant] and William Morande were officers and shareholders of Morande Brothers, Inc., and the pleadings confirm that [the defendant] was a director. On or about July 13, 2012, [Morande Brothers, Inc.'s] attorney sent to the plaintiff a written notice of the corporate dissolution pursuant to General Statutes § 33-886. The plaintiff did not respond to this notice.''

In the operative complaint, the plaintiff brought, inter alia, a count alleging breach of contract against Morande Brothers, Inc., and a count alleging a violation of § 33-887b (a)[2] against the defendant, in his capacity as a director of Morande Brothers, Inc., for his failure to provide for the plaintiff's claim upon dissolution of the corporation.[3] The defendant asserted, by way of special defense, that the action was barred by § 33-886 because the plaintiff failed to respond to the notice of dissolution, prescribed by § 33-886, which Morande Brothers, Inc., had sent to the plaintiff by certified mail on July 13, 2012. The notice required that any claim against the corporation, with supporting evidence, was to be served on the defendant by November 23, 2012. Failure to present a claim in this manner would result in its being barred. The plaintiff did not directly respond to the notice.[4]

The court found in favor of the plaintiff on its breach of contract claim against Morande Brothers, Inc. The court reasoned that the plaintiff's services in responding to the audit were required by section C6 of the settlement agreement and that Morande Brothers, Inc., breached the settlement agreement by failing to pay the invoices for the plaintiff's services. The court awarded the plaintiff $3916.85 in damages for breach of contract. The court found in favor of the defendant as to the plaintiff's claim that he had violated § 33-887b. The court noted that the defendant had admitted in his answer that he was a director, but held that the plaintiff failed to establish that § 33-887b (a) applied when, as in this case, the claim against the corporation of which the defendant was a director was disputed and was in litigation at the time the corporation was dissolved. The court rejected the defendant's special defense that alleged the plaintiff's claim was barred for failure to respond to the statutory notice. The court awarded the plaintiff $20,000 in attorney's fees, apparently to be paid by Morande Brothers, Inc., and costs pursuant to General Statutes § 52-251a, which permits a prevailing plaintiff to recover reasonable attorney's fees and costs in matters transferred from the small claims docket to the regular docket in the Superior Court on the defendant's motion. This appeal followed.

I

We begin by briefly reviewing the relevant statutory scheme regarding the obligations of a voluntarily dissolved corporation and its directors to provide for claims. A corporation may voluntarily dissolve by fol-

lowing prescribed procedures set forth in General Statutes § 33-881. On dissolution, it is required to file with the Secretary of the State a certificate of dissolution; the corporation is formally dissolved as of the effective date of the certificate of dissolution. General Statutes § 33-882 (a) and (b). A dissolved corporation may conduct no business other than wrapping up its affairs; General Statutes § 33-884 (a); dissolution specifically "does not . . . abate or suspend a proceeding pending by or against the corporation on the effective date of dissolution . . . ." General Statutes § 33-884 (b) (6).

Actions pending on the effective date of dissolution, then, continue on. The legislature has also required dissolved corporations to anticipate future claims that have not yet been brought against it as of the effective date of dissolution. Future claims fall into two categories, known and unknown. A dissolved corporation is required to send notice to known claimants, who are then barred from asserting claims if they fail to present them or, if necessary, to commence an action, within prescribed time limits. General Statutes § 33-886 (a) and (c). As to unknown claims, a dissolved corporation may publish notice of its dissolution and provide for an opportunity for prospective claimants to present claims; claims not so presented may be barred. General Statutes § 33-887 (a) through (c). A dissolved corporation may request the Superior Court to determine the amount and form of security for payment of future claims. General Statutes § 33-887a (a). If it does so, the dissolved corporation is, in general, protected against future claims to the extent they might exceed the amount determined by the court. General Statutes § 33-887a (d).

Section 33-887b prescribes the duty of directors of dissolved corporations. Subsection (a) of § 33-887b requires directors of dissolved corporations to pay claims or to make reasonable provision for their payment, and to distribute assets of the corporation to shareholders only after doing so. Subsection (b) of § 33-887b provides that directors who have proceeded in accordance with the statutory provisions regarding claims against a dissolved corporation, §§ 33-886 through 33-887a, shall not be liable for breach of subsection (a).[5]

With this statutory framework in mind, we turn to the specific claims of the parties. The plaintiff claims that the court erred in concluding that § 33-887b (a)[6] did not apply, such that the defendant, in his capacity as a director of a dissolved corporation, could not be liable. It argues that the defendant, as a director of Morande Brothers, Inc., failed to comply with the statutory mandate to pay or otherwise to provide for the payment of claims and that "the trial court's decision yielded a result in which the plaintiff is left without any recovery as a consequence of [Morande Brothers, Inc.]

voluntarily dissolving and its directors [the defendant] walking away, with neither making any provisions to address the plaintiff's claim, though at the time [Morande Brothers, Inc.] was voluntarily dissolved at the hands of the defendant director, the plaintiff's claim was present and pending, but neither the corporation nor its directors made any provision to address the claim." The plaintiff requests that we conclude that the trial court erred in determining that the defendant could not be held liable pursuant to § 33-887b for the damages due from the corporation.

"A dispute about the applicability and interpretation of a statute is entitled to plenary review on appeal." *Trevek Enterprises, Inc.* v. *Victory Contracting Corp.*, 107 Conn. App. 574, 580, 945 A.2d 1056 (2008). As previously noted, § 33-887b provides: "(a) Directors of a dissolved corporation shall cause the dissolved corporation to discharge or make reasonable provision for the payment of claims and make distributions of assets to shareholders after payment of or provision for claims. (b) Directors of a dissolved corporation which has disposed of claims under section 33-886, 33-887 or 33-887a shall not be liable for breach of subsection (a) of this section with respect to claims against the dissolved corporation that are barred or satisfied under section 33-886, 33-887 or 33-887a." By its plain terms, § 33-887b (a) requires directors of dissolved corporations to "make reasonable provision for the payment of claims." General Statutes § 33-887b (a); see, e.g., *Caciopoli* v. *Lebowitz*, 309 Conn. 62, 69, 68 A.3d 1150 (2013) (plain and unambiguous statutes that do not yield unworkable results given effect without resort to extratextual evidence).

The court erred in determining categorically that § 33-887b (a) did not apply. The court found that the defendant was an officer, shareholder and director of Morande Brothers, Inc. The court further found that the board of directors, of which the defendant was a member, voted to dissolve the corporation in May, 2011; authorized dissolution on December 15, 2011; and filed documents of corporate dissolution on or about January 3, 2012. The plaintiff commenced the small claims action on December 20, 2011, and the action, thus, was pending on the effective date of dissolution. Morande Brothers, Inc., requested removal to the regular docket on December 28, 2011.[7] The court further found that the claim at issue was in litigation at the time of dissolution. In the answer to the plaintiff's operative complaint, the defendant admitted that, at the time Morande Brothers, Inc., filed for dissolution, the plaintiff's claim was known to Morande Brothers, Inc., and the defendant. The court, however, concluded that the plaintiff had not established that § 33-887b (a) applied because the claim was disputed and in litigation when the corporation was dissolved. There was no further analysis. Section 33-887b (b) provides that: "Directors of a dissolved

corporation *which has disposed of claims* under section 33-886, 33-887 or 33-887a shall not be liable for breach of subsection (a) of this section with respect to claims against the dissolved corporation that are barred or satisfied under section 33-886, 33-887 or 33-887a." (Emphasis added.) At the time of dissolution, the plaintiff's claim had not been disposed of, but rather had been filed in small claims court and was disputed by Morande Brothers, Inc.

Furthermore, subsection (b) of § 33-887b does not relieve the defendant, on the facts of this case, from his obligation under subsection (a). None of the predicates of § 33-887b (b) apply. First, the court concluded, quite properly, that the action was not barred by § 33-886, and this conclusion is not contested on appeal. Second, § 33-887 is inapplicable, as it pertains only to unknown claims against a dissolved corporation. Third, the claim was not processed pursuant to § 33-887a (a), which provides in relevant part: "A dissolved corporation that has published notice under section 33-887 may file an application with the superior court . . . for a determination of the amount and form of security to be provided for payment of claims that are contingent or have not been made known to the dissolved corporation or that are based on an event occurring after the effective date of dissolution but that, based on facts known to the dissolved corporation, are reasonably estimated to arise after the effective date of dissolution. . . ." The defendant did not dispose of the claim under any of the statutes specified in subsection (b), and, accordingly, the defendant was obligated by subsection (a) to make provision for the payment of the plaintiff's claim upon dissolution. The logic is straightforward: the plaintiff's claim was filed and pending at the time of dissolution. None of the provisions regarding arrangements for meeting future claims were, therefore, applicable. The directors of dissolved corporations have the obligation to provide reasonably for the payment of claims pursuant to § 33-887b (a), and the limitations to that obligation, as set forth in § 33-887b (b), are not applicable here. Therefore, § 33-887b (a) applies.

The defendant, however, raises additional arguments that he cannot be personally liable to the plaintiff for damages pursuant to § 33-887b (a). He contends that his unchallenged testimony demonstrates that Morande Brothers, Inc., ceased operations in June or July of 2008, yet the plaintiff failed to elicit at trial any testimony that Morande Brothers, Inc., had distributed any assets to shareholders after May 19, 2011. As a result, the defendant argues, "the plaintiff failed to prove that one of the primary policy objectives of the statute–the fair treatment of creditors before corporate assets were distributed to shareholders–was disregarded." His argument is not persuasive. The court did not find as a fact that Morande Brothers, Inc., ceased operations in June or July of 2008. Moreover, § 33-887b (a) unambiguously

provides: "Directors of a dissolved corporation shall cause the dissolved corporation to discharge or make reasonable provision for the payment of claims . . . ." The date that a corporation discontinues usual business operations is statutorily immaterial.

The defendant also argues that the plaintiff is asking this court to "add a new gloss to the statute which is not in the words written by the legislature. Specifically, it asks this court to apply director liability under section 33-887b, even when the underlying unsecured claim is disputed." This argument is also unpersuasive. Section 33-887b (a) provides for directorial liability when a director of a dissolved corporation does not make reasonable provision for the payment of claims.[8] Subsection (b) of § 33-887b provides that a director is not liable under subsection (a) when the director has "disposed of claims under section 33-886, 33-887 or 33-887a . . . ." Section 33-887b (a), then, establishes a cause of action as to directors who fail to make reasonable provision for the payment of debts, and § 33-887b (b) excepts a subset of potential claims. The present claim does not fall within the subset for which directors "shall not be liable." No judicial gloss is needed to arrive at this conclusion. See, e.g., *Vibert* v. *Board of Education*, 260 Conn. 167, 176, 793 A.2d 1076 (2002) ("in interpreting a statute, we do not interpret some clauses of a statute in a manner that nullifies other clauses but, rather, read the statute as a whole in order to reconcile all of its parts").

## II

The defendant further argues that he cannot be personally liable to the plaintiff for attorney's fees pursuant to § 52-251a, which provides: "Whenever the plaintiff prevails in a small claims matter which was transferred to the regular docket in the Superior Court on the motion of the defendant, the court may allow to the plaintiff his costs, together with reasonable attorney's fees to be taxed by the court."[9] The defendant argues that the action triggering the applicability in § 52-251a is the making of a motion to transfer *by the defendant*. Morande Brothers, Inc., was the party who moved to transfer the action, and the plaintiff did not even move to cite the defendant into the case until July 31, 2012, months after the transfer to the regular docket. He further contends that the plaintiff never claimed that it was attempting to impose liability upon the defendant by piercing the corporate veil or any similar strategy.

The record indicates that the plaintiff moved to cite in the defendant and William R. Morande as additional parties, and filed the operative complaint alleging claims against them in July, 2012.[10] The motion to transfer was filed previously on December 28, 2011.

The memorandum of decision and the judgment indicate that judgment was rendered against Morande

Brothers, Inc., but in favor of the defendant because the court held that § 33-887b did not apply to the circumstances of this case. The court also awarded fees and costs as a result of the transfer to the regular docket, but did not precisely indicate against whom the award was made. Logically, the award of costs and fees could only have been made against the corporation because the defendant was not found liable on the merits.

We held in part I of this opinion that § 33-877b is applicable in the circumstances of this case. The trial court will be tasked on remand to determine whether the defendant breached his directorial duty, under the circumstances, either to pay the plaintiff's claim or to make reasonable provision for payment, and, if so, what damages were proximately caused by the breach of that duty. In the circumstances of this appeal, we need not decide whether fees and costs[11] could lawfully be imposed on the defendant pursuant to § 52-251a.[12]

The judgment is reversed in part and the case is remanded to the trial court for further proceedings consistent with this opinion. The judgment is affirmed in all other respects.

[1] The defendant in the original action was Morande Brothers, Inc. Thereafter, Robert J. Morande and William R. Morande were cited in as party defendants. Only Robert J. Morande filed a brief in this court and, thus, we will refer to him as the defendant. For purposes of clarity, we refer to the other defendants individually by name.

[2] General Statutes § 33-887b (a) provides: "Directors of a dissolved corporation shall cause the dissolved corporation to discharge or make reasonable provision for the payment of claims and make distributions of assets to shareholders after payment of or provision for claims."

[3] This claim was also brought against William R. Morande. The court found that there was no evidence presented at trial that William R. Morande was a director of the corporation and concluded that the claim failed as against him.

[4] Morande Brothers, Inc., and William R. Morande also asserted the statutory bar as a special defense.

[5] We note that our statutory scheme is consistent with common law and the common practice in the various states. At common law, directors were considered to be the trustees of corporate assets after dissolution, whose duties included the distribution of assets to shareholders only after creditors had been provided for, and directors were potentially liable in tort for breaches of their duty. See generally 19 Am. Jur. 2d 514–15, 535-36, Corporations §§ 2419, 2445 (2004).

[6] The court quite clearly was referring to § 33-887b (a), which allows liability. Section 33-887b (b) creates an exception to, or a clarification of, that liability.

[7] Furthermore, in an affidavit accompanying the motion to transfer the matter from the small claims court to the Superior Court, the defendant stated: "I am personally knowledgeable about the facts stated herein since I have been personally involved in the matters sworn to herein."

[8] We note that § 33-887b (a) imposes a duty of discharging or making "reasonable" provision for payment of claims. The statute creates a statutory cause of action for violation of the duty, but it is not, strictly speaking, an action for indemnity.

[9] Section 52-251a was intended to avoid situations in which a relatively small and straightforward case is transferred from the small claims docket to the regular docket to become a "pitched legal battle . . . . [Section] 52-251a thus creates a substantial and effective disincentive for a defendant who might otherwise raise defenses bordering on the frivolous in an effort to gain a tactical advantage over a plaintiff by obtaining a transfer of a case from the Small Claims division . . . ." (Citaitons omitted; internal quotation marks omitted.) *Rana* v. *Terdjanian*, 136 Conn. App. 99, 117, 46 A.3d 175, cert. denied, 305 Conn. 926, 47 A.3d 886 (2012).

[10] The court granted the motion in August, 2012.

[11] We acknowledge the plaintiff's claim that the defendant has not cross appealed and thus has not properly presented the claim regarding liability for attorney's fees and costs.

[12] We note that the award of such fees and costs are discretionary in any event. See *Krack* v. *Action Motors Corp.*, 87 Conn. App. 687, 694, 867 A.2d 86, cert. denied, 273 Conn. 926, 871 A.2d 1031 (2005).